[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
INTRODUCTION
The captioned matter is an appeal from the action of the Board of Assessment Appeals of the Town of Madison refusing to reduce the assessment placed on real property ("property") owned by the plaintiffs, which is known as 91 West Wharf Road, by the assessors ("assessors") of the Town of Madison ("Madison") on Madison's Grand Lists of October 1, 1999 and October 1, 2000. The assessors valued the property, at 70% of its true and actual valuation, on those Grand Lists at $308,200 for land and $12,000 for buildings and improvements, a total of $320,200. That assessment is based on a full market value of the property of $457,143.
The plaintiffs presented testimony from Philip W. Ball, a real estate appraiser, that in October 1998, the time of the last Madison revaluation, the property had a fair market value of $299,000. The defendants presented testimony from Thomas Boyle, a real estate appraiser, that in October 1998 the property had a fair market value of $400,000. Both appraisers used the comparable sales approach in developing their opinions. Both appraisers found the highest and best use of the property was residential. CT Page 13118
DISCUSSION
The property contains approximately 10,200 square feet on which is located a two story building which was, on October 1, 1998, in very poor condition. The first floor of the building contains approximately 450 square feet, and the second floor contains approximately 214 square feet. The building is a non-conforming use under Madison zoning regulations because the property does not meet the minimum lot size requirement of 40,000 square feet. Since Madison zoning regulations forbid the expansion of a nonconforming use absent a variance (no evidence was offered as to the prospect of obtaining such a variance), and since market demand for a 664 square foot beach front building is very limited, the property had little utility in 1998.
The property is also subject to the Coastal Area Management regulations which provide that if more than 50% of the value of a building is spent on improvements, that building must be brought into compliance with all provisions of those regulations, including a provision that the building be raised, on stilts, to a height of at least 12 feet. The assessors assessed the building in 1998 at a fair market value of approximately $17,220. Because the building was in very poor condition in 1998, and because more than one-half of its value would have to have been spent to make the building marginally saleable, compliance with Coastal Area Management regulations would have resulted in a significant over-improvement of a very small structure.
The plaintiffs purchased the property in 1996 for $260,000. While that sale provides some indication of what the value was at that time, the plaintiffs were then the owners of neighboring property and were then assembling land. Because land assemblers will frequently pay a premium over fair market value, the purchase price paid by the plaintiffs is not as strong an indicator of market value as an arm's length sale would have been.
The market for beach front property in Madison in 1998 was rising.
From the above, I find that the fair market value of the property, both land and improvements, on October 1, 1998 was a total of $310,000. I also find that the plaintiffs are entitled to an appraiser's fee of $950.
CONCLUSION
Judgment may enter in favor of the plaintiffs. The assessors shall reduce the assessment on the property in accordance with this decision on the Grand Lists of October 1, 1999 and October 1, 2000. CT Page 13119
G. Levine, J.